charge of the truck saw the car coming at a high rate of speed and kept right on, contenting themselves with signaling the car to stop until too late to avoid the collision. Neither party had the right of way. It was as much their duty to avoid a collision as of the men in charge of the defendant's car. In Tully v. New York City Railway, 127 App. Div. 688, 111 N. Y. Supp. 919, the court said:

"The plaintiff * * * was as much bound to look out for herself as the motorman was. She could not, having observed a car approaching, heedlessly cross the street and pay no attention to it, because the motorman had as much right to assume that she would keep out of the way of the car as she had to assume that the motorman would so control the car that it would not injure her."

Both parties, on plaintiff's evidence, kept on relying on the other's giving way. If both were negligent, plaintiff cannot recover. Defendant's motion to dismiss on plaintiff's case should have been granted.

Judgment reversed, and judgment directed for defendant, dismissing the complaint, with costs, and costs of this appeal. All concur.

---

H. P. SICKLES CO. v. McCURDY & NORWELL CO. (No. 90–65.)

(Supreme Court, Appellate Division, Fourth Department. March 3, 1915.)

CONTRACTS (§ 323*)—CERTIFICATE OF ARCHITECT—QUESTION FOR JURY.

Whether the architect's certificate, delivered to the owner, was a final certificate under a building contract, or only a memorandum, *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1311, 1349, 1466, 1543–1548, 1827, 1827½; Dec. Dig. § 323.*]

Appeal from Trial Term, Monroe County.

Action by the H. P. Sickles Company against the McCurdy & Norwell Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Samuel M. Havens, of Rochester, for appellant.
J. M. E. O'Grady, of Rochester, for respondent.

PER CURIAM. The building was not in fact completed at the time the paper was delivered, and, as the evidence tends to show, neither the architect nor the parties to the contract themselves regarded the work covered by the contract as completed. The other certificates had been given to the plaintiff contractor, and according to the testimony of the architect it was usual to give certificates of this character to the contractor, and not to the owner. Mr. McCurdy, the president of the defendant, testifies that the paper was made at his request for the specific purpose of delivering it to the bank as a memorandum of the amount of money which had been paid on the building, and for no other purpose. We are of the opinion that it was a question of fact as

to whether the paper delivered by the architect to the owner was a final certificate within the meaning of the contract, or a mere memorandum as claimed by the defendant.

The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

OLNEY & WARREN v. DANIEL BIRDSALL & CO. et al.

(Supreme Court, Appellate Term, First Department.    March 4, 1915.)

CONTRACTS (§ 319*)—BUILDING CONTRACTS—FAILURE OF CONTRACTOR TO COMPLETE WORK—EFFECT.

Where a contractor to install a boiler for a fixed sum did not complete the work satisfactorily, and failed to do so for some time, the owner could complete the work, and the contractor could at most only recover the difference between the reasonable cost to the owner of doing the work and the balance due under the contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. § 319.*]

Guy, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Olney & Warren, a corporation against Daniel Birdsall & Co., a corporation, and another. From a judgment for plaintiff, defendants appeal. Reversed, and complaint dismissed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Sobel & Brand, of New York City (Samuel Sobel, of New York City, of counsel), for appellants.

PENDLETON, J.    The action is to recover a balance alleged to be due under a contract to furnish labor and materials in the installation of a boiler for a fixed sum. The defense was accord and satisfaction and that there were defects in the work, which defendants were compelled to have in part done over, and after deducting such reasonable cost defendants paid plaintiff the balance of the contract price.

The defense of accord and satisfaction was not made out on the evidence. It appeared at the trial that there were defects in the work, of which plaintiff was notified, and which it agreed to rectify. Defendants, because they were dissatisfied with the original subcontractor employed by plaintiff, refused to allow it to do the work and had it completed by others at what, apparently, was conceded to be a reasonable cost, and paid plaintiff the balance of its bill, less this amount. The controversy is entirely in regard to this latter amount. The trial court gave judgment for plaintiff. This was error. Assuming plaintiff had the right to go in and remedy the defects, and then recover the full amount of its bill, if defendants prevented it so doing, the damages suffered by them could be, at most, the difference between the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes